NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 26, 2019[*]
Decided February 26, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-1422

| | |
|---|---|
| KEVIN BIRDO,<br>  *Plaintiff-Appellant,*<br><br>  *v.*<br><br>DAVE GOMEZ, et al.,<br>  *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 13-CV-6864<br><br>John Robert Blakey,<br>*Judge.* |

**O R D E R**

  Kevin Birdo went on a protracted hunger strike while incarcerated at Stateville Correctional Center. He brought suit under 42 U.S.C. § 1983, alleging that the responses to his hunger strike by correctional officers, medical professionals, and administrative officials were unlawful. He lost some claims at summary judgment, others after a motion for judgment as a matter of law, and the remaining claims after a jury verdict.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Birdo principally devotes his appeal to arguing that the district judge was biased against him. The record contains no evidence of bias, so we affirm.

Birdo began a hunger strike in 2012 that lasted for 190 days. To force-feed him, officers entered his cell at times and, Birdo says (though the defendants contradict him), sometimes assaulted him. In early 2013, Birdo complained to prison administrators about his treatment, to no avail. The next month, after Birdo again refused to eat, a tactical team entered his cell to help the medical staff. One officer slammed his shield against Birdo and broke his finger. Birdo then met with a prison psychologist, who, after conferring with the tactical-team leader and another psychologist, recommended that Birdo be placed on suicide watch. Before entering the suicide-watch cell, Birdo asserts, officers took his personal property, and later taunted him, strip searched him, and forced him to remain naked for a time after the search. The defendants deny doing anything improper. Within a week, Birdo was transferred to another institution.

Birdo turned to federal court for relief, where the district court sua sponte recruited counsel for him. With counsel's help, Birdo sued prison administrators, officers, and medical personnel, alleging federal and state-law theories of recovery. In partially granting summary judgment to the defendants, the court concluded that sovereign immunity blocked some claims, qualified immunity barred others, and insufficient evidence doomed still more. The rest of the case proceeded to a jury trial. After Birdo's case-in-chief, the remaining defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The court granted the motion for some claims and let the jury decide the surviving ones. The jury returned a verdict for the defendants. Later, over Birdo's objection of indigency, the court granted the non-medical defendants' request for $2,184 in costs. The medical staff, after adjusting their requested costs downward, received $6,134.

On appeal, Birdo primarily argues that he is entitled to a new trial because the district judge was biased against him. He first contends that the bias arose simply because Birdo is an inmate and the judge is a former prosecutor. An impermissible risk of bias arises if the judge "had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016). But no authority suggests that a judge cannot hear a civil case brought by an inmate merely because of the judge's former job as a prosecutor.

Birdo's other arguments about bias are also meritless. He asserts that the judge "continually disrupte[d] the trial," by sustaining the defendants' objections "over and over." But a judge must rule on evidentiary objections, even if those rulings interrupt a

witness's testimony, and Birdo has not pointed to any objections that he believes were wrongly sustained. Next, Birdo contends that the judge "yelled" at his attorney; but an expression of "impatience, dissatisfaction, annoyance, and even anger" is not evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Finally, Birdo faults the judge for allowing the defendants to testify in narrative form while refusing to let him do so. But the defendants repeatedly objected to Birdo's narrative testimony, whereas Birdo's counsel objected only once and that objection was sustained. Arguing unfairness by pointing to instances in which the opposing side followed the proper steps and the complaining party did not "does not indicate that the trial judge was biased … [but] that [the complaining party] tried to sidestep the rules of evidence, and failed." *United States v. Mitan*, 966 F.2d 1165, 1174 (7th Cir. 1992).

Birdo also challenges the award of costs, arguing that the judge improperly awarded the defendants nearly $9,000 in costs when their adjusted request sought only $5,000. But Birdo mischaracterizes the record. The non-medical defendants asked for around $2,200 and the medical defendants requested about $6,100, so the judge properly calculated a total award of just over $8,300. Because Birdo identifies no other problems with the award, we see no reason to disturb the presumption that the prevailing parties may recover their costs. *See Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

Finally, Birdo argues that this court erred in refusing to recruit him an attorney on appeal. Before briefing proceeded on appeal, Birdo asked us four times to recruit a lawyer for him. He argued that his case had complex issues, more than 4,000 pages in the record, and had been ongoing for over 3 years. We denied each motion. Birdo now repeats his earlier requests for counsel on appeal, but he gives us no new reason to revisit our previous rulings. Even if we considered the request de novo, we would deny it. Birdo does not specify which issues (other than the ones already developed in his brief) counsel might have pursued, and a lawyer could not have made a substantial argument about bias or improper costs. With no reason to believe that recruited counsel would likely have made a difference on appeal, we decline to overturn our earlier rulings.

AFFIRMED